UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PROGRESSIVE PALOVERDE INSURANCE COMPANY | NUMBER 5:13-CV-02842-EEF-KLH |
| VERSUS | JUDGE FOOTE |
| C.J. WIMER, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF MEDICAL IMAGING SOLUTIONS GROUP, INC.**

NOW INTO COURT, through undersigned counsel, comes Defendant Medical Imaging Solutions Group, Inc. ("MIS"), a Georgia corporation whose principal place of business is in Georgia, who, pursuant to Local Rule 7.4, respectfully submits this memorandum in support of its Motion to Dismiss, and represents as follows:

I. **INTRODUCTION AND BRIEF FACTUAL BACKGROUND**

On or about September 6, 2012, UniGroup Worldwide, Inc. and/or UniGroup Worldwide Logistics, LLC (collectively, "UniGroup") was hired by MIS to transport an Imaging Suite from Woodstock, Georgia to Springfield, Ohio. To facilitate the shipment, A&L Industries, Inc. ("A&L"), a co-broker to UniGroup, hired VMG Transport Corporation ("VMG") to transport the Imaging Suite to Crystal Clear Imaging in Springfield, Ohio. VMG picked up the Imaging Suite at MIS' place of business in Woodstock, Georgia on September 6, 2012.  While traveling north on Interstate 75, in Campbell County, Tennessee, the coupling device on the tractor failed, and the Imaging Suite which was being transported by VMG became detached from the tractor. As a

result of the failure of the coupling device, the Imaging Suite fell to the ground while traveling at approximately 70 miles per hour, and traveled some distance before coming to rest near the side of the interstate.

The Imaging Suite was comprised of a 45 foot mobile medical van, a CT scan unit, power generators, as well as all electronics and computers used to run the CT scan unit. As a result of the incident described above, the Imaging Suite was damaged beyond repair. Before being damaged by this incident, the Imaging Suite was valued at $200,000.00.

As a result of this incident and the resulting damage to the Imaging Suite, MIS filed suit on June 20, 2013 in the Superior Court of Fulton County in Fulton County, Georgia, against UniGroup and VMG. On July 8, 2013 UniGroup removed the case to the Federal District Court for the Northern District of Georgia, case number 1:13-cv-02272-RLV. On August 13, 2013, A&L was added as a party defendant.

Plaintiff Progressive Paloverde Insurance Company ("Plaintiff") issued an insurance policy to A&L. In its Complaint for Declaratory Judgment, Plaintiff alleges, *inter alia*, that jurisdiction and venue are proper as to MIS in the Western District of Louisiana. However, MIS is not a Louisiana corporation, is not licensed to do business in Louisiana, does not do business in Louisiana, and therefore, does not have sufficient "minimum contacts" to be required to submit to the personal jurisdiction of Louisiana. Accordingly, Plaintiff's claims as to MIS should be dismissed.

## II.     ARGUMENT AND CITATION OF AUTHORITIES

As set forth more fully below, Plaintiff's claims against MIS should be dismissed pursuant to Federal District Court Rules 12(b)(2) and 12(b)(3), as MIS is not subject to the personal jurisdiction of this Court and venue as to MIS in the Western District of Louisiana is improper under a plain reading of 28 U.S.C. § 1391.

### A.     LACK OF PERESONAL JURISDICTION

Plaintiff has failed to meet its burden of proof that this Court has personal jurisdiction over MIS.[1]  In fact, Plaintiff's Complaint contains no basis for personal jurisdiction over MIS other than a general pronouncement that such exists.  As this Court is well-aware, a federal district court reviewing a case based upon diversity jurisdiction may exercise personal jurisdiction over a non-resident defendant if: (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the United States Constitution.[2]  Under Louisiana law, "the limits of the Louisiana long-arm statute are coextensive with constitutional due process limits."[3]  Thus, in order for this Court to properly exercise jurisdiction under the Fourteenth Amendment over MIS, MIS must have "minimum contacts" with Louisiana such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice."[4]  The United States

---

[1] *See* Gardemal v. Westin Hotel Co., 186 F.3d 588, 592 (5th Cir. 1999) (the plaintiff, as the party who invoked the court's jurisdiction, bears the burden of proof on the necessary jurisdictional question).

[2] Clemens v. McName, 615 F.3d 374, 378 (5th Cir. 2010).

[3] Walk Haydel & Assoc., Inc. v. Coastal Power Production Co., 517 F.3d 235, 242–43 (5th Cir. 2008).

[4] *See* Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).

Supreme Court has noted that the purpose of the "minimum contacts" requirement is to protect the defendant from the burdens of litigating in a distant or inconvenient forum and to ensure that states do not reach beyond the limits of their sovereignty.[5] This analysis is not a mechanical exercise requiring the review of standard checklist of factors; but rather, an examination of the relationship of the defendant to the forum state. Moreover, it is the plaintiff's burden to establish sufficient "minimum contacts" with the forum state for each individual defendant—establishing jurisdiction over one does not warrant jurisdiction over the others.[6] Here, Plaintiff cannot meet this burden because no such "minimum contacts" between MIS and Louisiana exist.

Personal jurisdiction through "minimum contacts" is established by the plaintiff through either specific jurisdiction or general jurisdiction. Specific jurisdiction requires the plaintiff to prove that the defendant "purposefully availed" itself to the jurisdiction of the forum state by directing activities there and that the plaintiff's cause of action arises from the defendant's forum-related activities.[7] Here, Plaintiff has presented no evidence that MIS "purposefully availed" itself to the jurisdiction of Louisiana. Moreover, and importantly, Plaintiff's current cause of action—for declaratory relief under an insurance policy—certainly has no connection, and thus, does not arise from any activity of MIS in Louisiana. MIS was not involved in any manner with the issuance of the insurance policy at issue. Furthermore, the underlying coverage issue sought to be resolved by Plaintiff's Complaint for Declaratory Relief arises out of property

---

[5] *See* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S. Ct. 559, 564 (1980).

[6] *See* Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482 (1984).

[7] *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S. Ct. 2174 (1985).

damage that occurred in Georgia and Tennessee and bear no relation to any activity of MIS in Louisiana. As a result, specific jurisdiction over MIS in Louisiana does not exist.

Even without specific jurisdiction, MIS can still be subject to personal jurisdiction in Louisiana if Plaintiff establishes the requirements of general jurisdiction. General jurisdiction requires activities in the forum state that are "continuous and systematic."[8] In order to satisfy the traditional notions of fair play and substantial justice axiom as noted in *International Shoe*, the plaintiff is required to demonstrate a higher level of contacts between the defendant and the forum state beyond just a single instance of activity.[9] Here, Plaintiff cannot meet its burden of proving general jurisdiction either because MIS does not have continuous and systematic business contacts in Louisiana. As noted above, MIS is a Georgia corporation whose principal place of business is in Woodstock, Georgia. MIS is not registered to do business in Louisiana and does not have an office in Louisiana. Thus, there is absolutely no evidence demonstrating "continuous and systematic" activity by MIS in Louisiana.

Due to the lack of "minimum contacts", much less "continuous and systematic" activity, Plaintiff cannot meet its burden of prove establishing the personal jurisdiction of this Court over MIS. Accordingly, MIS' motion to dismiss should be granted.

    **B.    IMPROPER VENUE**

Plaintiff states that venue is proper over MIS under 28 U.S.C. § 1391(a) and (c) because a substantial part of the events leading to the suit occurred in the Western District and because the

---

[8] Goodyear Dunlop Tires Operations, S.A. v. Brown, __ U.S. __, 131 S. Ct. 2846 (2011); Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 104 S. Ct. 1868 (1984).

[9] *See, e.g.*, Dalton v. R&W Marine, Inc., 897 F.2d 1359 (5th Cir. 1990).

insurance policy was issued in the Western District. It appears Plaintiff is citing to a previous version of 28 U.S.C. § 1391, as the current 28 U.S.C. § 1391(a) does not govern venue generally. The revised section pertaining to venue in general is subsection (b) and reads as follows:

> (b) Venue in General — A civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

First, 28 U.S.C. § 1391(c) states that a defendant resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. As previously discussed, MIS was not subject to the personal jurisdiction of the Western District of Louisiana at the time the action was commenced. Thus, all of the defendants do not reside in the state of Louisiana, and therefore, venue is not proper under subsection (1).

Second, with the exception of the issuance of the insurance policy—which activity had absolutely no connection to MIS—no substantial events or omissions that give rise to the declaratory judgment action occurred in the Western District of Louisiana. As stated above, the events giving rise to the instant Declaratory Judgment action took place in Georgia and Tennessee, which is where the underlying claim for damages arose for which Plaintiff seeks to avoid insurance coverage. The property that is the subject of the claim is the Imaging Suite that

was damaged while being shipped. The Imaging Suite is currently located in Woodstock, Georgia. Therefore, venue is improper under subsection (2).

And third, venue is improper under subsection (3) because MIS is not subject to the personal jurisdiction of this Court. Rather, the proper venue for this action would be the Northern District of Georgia, as all defendants are subject to the jurisdiction of that court and litigation arising out of the same or similar facts is currently pending.

### III. CONCLUSION

Plaintiff cannot bear its burden of proof demonstrating that MIS has sufficient contacts with Louisiana to warrant the personal jurisdiction of this Court. Further, venue is improper as none of the elements of 28 U.S.C. § 1391(b) are met by the facts presented. Accordingly, for these reasons and those set forth more fully above, MIS' motion to dismiss should be granted, and Plaintiff's claims dismissed.

    Respectfully submitted,

    **LUNN, IRION, SALLEY, CARLISLE, & GARDNER**

    BY: s/Alexander J. Mijalis_____
        Alexander J. Mijalis, Bar Roll No. 31262
        P.O. Box 1534
        Shreveport, LA 71165-1534
        Telephone: (318) 222-0665
        Facsimile: (318) 220-3265
        E-mail:   ajm@lunnirion.com

    ATTORNEYS FOR MEDICAL IMAGING SOLUTIONS, INC.

- 8 -

## CERTIFICATE OF SERVICE

I certify that on December 19, 2013, a copy of the foregoing *Memorandum in Support of Motion to Dismiss* was filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record and a copy was provided to all counsel by facsimile.

/s/ Alexander J. Mijalis_____